Muhammad SARFRAZ, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney
General, Respondent.

No. 05–61018
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 2007.

Mehreen Shah, Mona Shah & Silvers,
New York, NY, for Petitioner.

Thomas Ward Hussey, Director, John
Clifford Cunningham, Ethan B. Kanter,
Alberto R. Gonzales, U.S. Department of
Justice Office of Immigration Litigation,
Ann Carroll Varnon, Douglas Ginsburg,
U.S. Department of Justice Civil Division
Immigration Litigation, Trey Lund, U.S.
Immigration and Customs Enforcement
Field Office Director, New Orleans, LA,
Sharon A. Hudson, U.S. Citizenship & Im-
migration Services, Houston, TX, for Re-
spondent.

Before KING, HIGGINBOTHAM, and
GARZA, Circuit Judges.

PER CURIAM: *

Muhammad Sarfraz, a native and citizen
of Pakistan, petitions for review of an or-
der from the Board of Immigration Ap-
peals (BIA) denying his motion to recon-
sider.

Sarfraz argues that (1) the immi-
gration judge (IJ) abused her discretion in
denying his motion for a continuance while
his labor certification was being adjudicat-
ed; (2) the National Security Entry/Exit
Registration System (NSEERS) program
was unconstitutional, and evidence con-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cerning his removability that was obtained pursuant to his registration under the NSEERS program should have been excluded from his removal proceedings because it was unconstitutionally obtained from him; and (3) the BIA abused its discretion in denying a claim concerning Sarfraz's use of his mother's labor certification for adjustment of status that it had construed as a motion to reopen. The BIA declined to consider arguments similar to Sarfraz's first two arguments in its denial of Sarfraz's motion to reconsider because it already had considered the arguments in its affirmance of the IJ's decision, and the BIA denied the third argument on the merits. Sarfraz does not address any of the BIA's stated reasons for denying these claims. Accordingly, he has abandoned any challenge to the BIA's decision. *See Al–Ra'id v. Ingle,* 69 F.3d 28, 33 (5th Cir.1995).

■ Sarfraz also argues for the first time in his petition for review that his due process rights were violated when the IJ determined that he was eligible for voluntary departure and that his case was unfairly treated differently than his brother's case. He also contends that he is entitled to reopen his case because of his marriage to a United States citizen and because of the approval of his I–140 application after the BIA denied his motion to reconsider. However, because Sarfraz did not exhaust his administrative remedies concerning these issues by first raising them before the BIA, this court lacks jurisdiction to consider them. *See Wang v. Ashcroft,* 260 F.3d 448, 452 (5th Cir.2001).

Sarfraz's petition for review is DENIED. The Government's motions for summary affirmance and for dismissal of the case are DENIED as moot.